EDDINGTON v. MARYLAND CASUALTY CO. et al.

No. 6094.

Court of Appeal of Louisiana. Second Circuit.

June 10, 1940.

Blount B. Breazeale, of Natchitoches, for appellant.

J. D. Rusca and R. E. Gahagan, both of Natchitoches, for appellee.

DREW, Judge.

Plaintiff alleged that on April 9, 1937, E. C. Readhimer entered into a contract with A. M. Dearing for the erection of a completed dwelling in the town of Campti, Louisiana, for a contract price of $8,758, as shown by contract recorded in Mortgage Book 164, page 509, of Natchitoches Parish, Louisiana; and that A. M. Dearing furnished indemnity bond with the Maryland Casualty Company as surety in the sum of $8,700 for the faithful performance of said contract. The bond was in favor of Readhimer and all sub-contractors, workmen, laborers and furnishers of material, as their interests might appear, as required by Act 298 of 1926; was dated April 17, 1937, and duly recorded. Dearing completed the dwelling to the satisfaction of Readhimer, as shown by the recorded acceptance dated August 6, 1937.

Plaintiff further alleged that on various dates between April 9th and May 24th, 1937, he furnished labor and material to one Pat Jones, a sub-contractor, for the installation of the plumbing and gas fixtures on the job. That he furnished said material and labor to the amount of $412.-63 and, after allowing all credits for material returned and payments made by Pat Jones, there is a balance due him of $249.-47. He attached to his petition an itemized statement, and further alleged that all materials and labor furnished were used by Pat Jones in the construction of· said residence.

Plaintiff prayed for judgment against the contractor, Dearing, and his insurer, Maryland Casualty Company.

Several exceptions were filed to the petition but none are urged here. We therefore consider them as having· been abandoned.

Defendant, Maryland Casualty Company, in answer admits the allegations of plaintiff's petition as to the contract between Readhimer and Dearing and between Dearing and it, and also admits the acceptance of the dwelling after its completion. It denied being indebted unto plaintiff and alleged that the Keystone Plumbing Company had made demand on it for payment for the same material. It also denied that all the materials sued for were used in the erection of the dwelling. It further alleged that if it should be condemned to pay said amount sued for, that its rights against Dearing be reserved to it.

Defendant, A. M. Dearing, answered denying all the allegations of plaintiff's petition and alleged that Pat Jones and plaintiff were partners in the contract to do the plumbing and gas fitting.

The lower court rendered judgment rejecting plaintiff's demands as to both defendants and plaintiff is now prosecuting this appeal.

The lower court did not give written reasons for its opinion and neither counsel has attempted to inform us what the reasons were. Appellees in their brief make the following statements:

"We have no argument with counsel for the plaintiff but that under Act 298 of 1926, as construed by Dixie Building & Material Company, Inc., v. Massachusetts Bonding & Insurance Company [167 La. 399], 119 So. 405, a materialman has the right to institute an action against a surety at any time within twelve m(nths after the job is accepted for material furnished, even though no lien was filed during the period provided by this Act for the filing of such.

"We take issue of counsel for plaintiff in this case for the reason that it is our opinion that,—

"1. The plaintiff and Pat Jones were partners;

"2. That the amount sued for in the way of material is grossly excessive; and

"3. That in any event this plaintiff is not entitled to recover for trips made by him and for money advanced by him to Pat Jones and paid by him to plumbers actually working on the job."

Appellees' contention that Pat Jones and plaintiff were partners is not supported by the evidence. The record discloses that the Keystone Plumbing Supply Company, wholesalers, sold the material for the job to plaintiff at cost and that he in turn sold it to Pat Jones at cost, plus 10%. All the material was charged by the Keystone Plumbing Supply Company to plaintiff and the Pat Jones named was not carried on its books.

The second contention of appellees is that the amount sued for for materials is excessive. The evidence is very indefinite on this issue. There is some testimony to the effect that there is enough material sued for to finish two such jobs but nowhere is it pointed out what part of the material was excessive. There was no attempt to go into this matter. On the other hand, there is testimony that all materials sued for were delivered to the job on the order of Pat Jones and receipted for.

There is merit in appellees' third contention. The first two items of $7.50 each on the account are for trips to Natchitoches and Campti on April 9th and 15th, respectively. It is not shown that these trips had anything to do with the job and certainly could not be considered as either material or labor which went into the job.

 Another item is $45.50 cash advanced to Pat Jones. It is not shown for what purpose this money was used and can neither be charged as material or labor on the job. Another item for $48.60 for cash paid to Bain Shandy for plumbing labor cannot be allowed. Plaintiff was not the sub-contractor and if he paid laborers on the job without an assignment of their claims, he is without standing to charge it against the job.

These items total $109.10, and must be deducted from the amount claimed of $249.87, leaving a balance of $140.77, which plaintiff is entitled to recover.

It therefore follows that the judgment of the lower court is reversed and there is now judgment for plaintiff against A. M. Dearing and the Maryland Casualty Company, in solido, in the full sum of $140.37, with legal interest from judicial demand until paid and for all costs.